UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Great Lakes Gas Transmission Limited
Partnership,

       Plaintiff,

v.

Essar Steel Minnesota, LLC; Essar Steel
Holdings, Ltd.; Essar Steel Limited; and
Essar Global Limited,

       Defendants.

Civil No. 09-3037 (JNE/RLE)
ORDER

This case is before the Court on Great Lakes Gas Transmission Limited Partnership's Emergency Motion for Order Striking or Requiring Defendants to Re-State Their Motion to Dismiss. For the reasons set forth below, the Court denies the motion.

*Great Lakes Gas Transmission's emergency motion*

Great Lakes Gas Transmission brought this action against Essar Steel Minnesota, LLC; Essar Steel Holdings, Ltd.; Essar Steel Limited; and Essar Global Limited (collectively, Defendants) in October 2009. After granting two extensions, the magistrate judge set January 11, 2010, as the deadline for Defendants to answer or otherwise respond to the Complaint. In granting the second extension, the magistrate judge noted deficiencies in the Complaint's jurisdictional allegations, anticipated the filing of an Amended Complaint that redressed those deficiencies, and stated that Defendants would have additional time to respond to the Amended Complaint. The parties then exchanged information about their citizenships, but Great Lakes Gas Transmission did not file an Amended Complaint. On January 11, 2010, Defendants filed and served a Motion to Dismiss and an affidavit. Defendants filed neither a notice of motion[1]

---

[1] "A hearing date must be secured before filing motion papers." D. Minn. LR 7.1(b).

1

nor a memorandum of law. On January 12, 2010, Defendants served and filed a Notice of Motion. Defendants' Motion to Dismiss is scheduled to be heard on March 18, 2010. Concerned that it will receive Defendants' memorandum of law after the expiration of the time during which it may amend its Complaint as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, as amended on December 1, 2009, Great Lakes Gas Transmission filed an Emergency Motion for Order Striking or Requiring Defendants to Re-State Their Motion to Dismiss. *Cf.* Fed. R. Civ. P. 15 cmt. to 2009 amendments ("[T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b) . . . . This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion.").

The amendments to the Federal Rules of Civil Procedure that took effect on December 1, 2009, "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Under the unique facts and circumstances of this case, the Court concludes that Rule 15(a)(1) as it appeared when Great Lakes Gas Transmission commenced this action should apply. Consequently, Great Lakes Gas Transmission may amend its pleading once as a matter of course before Defendants serve a responsive pleading. *See id.* ("Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. . . . Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a 'pleading' as defined in Rule 7."). The Court denies Great Lakes Gas Transmission's Emergency Motion for Order Striking or Requiring Defendants to Re-State Their Motion to Dismiss.

*Subject matter jurisdiction*

The Court notes that the parties continue to dispute whether diversity jurisdiction exists in light of the information they exchanged about their citizenships. Great Lakes Gas Transmission contends that the information exchanged about the parties' citizenships reveals that diversity jurisdiction exists. Defendants assert in their Motion to Dismiss that the information indicates a lack of diversity of citizenship. To facilitate the expeditious resolution of this issue, the Court summarizes the present state of the record with regard to the parties' jurisdictional dispute.

Great Lakes Gas Transmission is a limited partnership. For purposes of diversity jurisdiction, "the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited." *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). Great Lakes Gas Transmission has three partners: (1) TransCanada GL, Inc.; (2) TC GL Intermediate Limited Partnership; and (3) Great Lakes Gas Transmission Company. TransCanada GL, Inc., and Great Lakes Gas Transmission Company are Delaware corporations whose principal places of business are in Michigan. *Cf.* 28 U.S.C. § 1332(c)(1) (2006). TC GL Intermediate Limited Partnership is a limited partnership that has two partners: (1) TC Pipelines GP, Inc.; and (2) TC Pipelines, LP. TC Pipelines GP, Inc., is a Delaware corporation whose principal place of business is in Canada. TC Pipelines, LP, is a limited partnership that has two partners: (1) TC Pipelines, GP, Inc.; and (2) TransCan Northern Ltd. As already noted, TC Pipelines, GP, Inc., is a Delaware corporation whose principal place of business is in Canada. TransCan Northern Ltd. is a Delaware corporation whose principal place of business is in Nebraska. Thus, for purposes of diversity jurisdiction, it appears that Great Lakes Gas Transmission is a citizen of Delaware, Michigan, and Nebraska, but not Canada. *See MAS*

*Capital, Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 832-33 (7th Cir. 2008) (holding that domestic corporation whose principal place of business is abroad has citizenship of its state of incorporation for purposes of diversity jurisdiction); *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 544 (5th Cir. 1997) (concluding that "for diversity purposes a corporation incorporated in the United States with its principal place of business abroad is solely a citizen of its 'State' of incorporation"); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) ("[I]f, upon inquiry, the court determines that a domestic corporation's world-wide principal place of business is not in one of the United States, the District of Columbia, or Puerto Rico, then the foreign principal place of business cannot be considered for diversity jurisdiction purposes." (citation omitted)).

Defendants include Essar Steel Minnesota, LLC. For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Essar Steel Minnesota, LLC's sole member is its co-defendant, Essar Steel Holdings Limited. Essar Steel Holdings Limited is incorporated under the laws of Mauritius, and its principal place of business is in Mauritius. Essar Steel Limited is incorporated under the laws of India, and its principal place of business is in India. Essar Global Limited is incorporated under the laws of the Cayman Islands, and its principal place of business is in Dubai. Thus, Defendants are citizens or subjects of foreign states. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 90-92 (2002).

In short, the present record indicates that Great Lakes Gas Transmission is a citizen of Delaware, Michigan, and Nebraska; that Defendants are citizens or subjects of foreign states; and

4

that the amount in controversy exceeds $75,000. Thus, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(2).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Great Lakes Gas Transmission's emergency motion [Docket No. 18] is DENIED.

2. Unless otherwise ordered by the Court, Great Lakes Gas Transmission may amend its Complaint once as a matter of course before Defendants serve a responsive pleading.

Dated: January 14, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
