**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Great Lakes Gas Transmission Limited
Partnership,

                Plaintiff and Counterclaim
                Defendant,

v.

Essar Steel Minnesota, LLC; Essar Steel
Holdings, Ltd.; Essar Steel Limited; and
Essar Global Limited, a/k/a Essar Group,

                Defendants.

-------------------------------------------------------

Essar Steel Minnesota, LLC,

                Counterclaimant and
                Third-Party Plaintiff,

v.

Great Lakes Gas Transmission Limited
Partnership,

                Plaintiff and Counterclaim
                Defendant,

TC GL Intermediate Limited Partnership;
TC Pipelines, LP; TC Pipelines GP, Inc.;
TransCan Northern, Ltd.; TransCanada
Pipeline USA, Ltd.; TransCanada
Pipelines Ltd.; TransCanada Corporation;
Great Lakes Gas Transmission Co.; and
TransCanada GL, Inc.,

                Third-Party Defendants.

Civil No. 09-CV-3037 (SRN/LIB)

MEMORANDUM AND ORDER

1

Barbara L. Wohlrabe, Susan D. Nassar, and David W. Elrod, Elrod PLLC, 500 North Akard Suite 3000 Dallas, Texas 75201; David T. Schultz, Julian C. Zebot, and Mary R. Vasaly, Maslon Edelman Borman & Brand, LLP, 90 South 7th Street Suite 3300, Minneapolis, Minnesota, 55402, for Plaintiff and Counterclaim Defendant

Scott G. Knudson, Frank A. Taylor, Jessica J. Stomski, and Maren F. Grier, Briggs & Morgan, PA, 80 South 8th Street Suite 2200, Minneapolis, Minnesota 55402, for Defendants and Third-Party Plaintiff

Barbara L. Wohlrabe, David W. Elrod, David T. Schultz, and Scott G. Knudson, addresses above, for Third-Party Defendants

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff's timely appeals from parts of two Orders issued by Magistrate Judge Leo I. Brisbois on March 3, 2011. The first Order granted in part Defendants' Motion to Compel and Motion for a Protective Order [Doc. No. 270]. The second Order granted in part Plaintiff/Counterclaim Defendant's and Third Party Defendants' Motion for a Protective Order and Plaintiff's Motion to Compel [Doc. No. 271]. The Court will also briefly address Plaintiff's and Third-Party Defendants' Motion to Strike [Doc. No. 289]. For the reasons that follow, the Magistrate Judge's Orders are affirmed and the Motion to Strike is denied.

## I.    BACKGROUND

Plaintiff Great Lakes Gas Transmission Limited Partnership ("Great Lakes") filed a breach of contract action against Defendant Essar Steel Minnesota, LLC ("ESML"), and its affiliated entities Essar Steel Holdings, Ltd., Essar Steel Limited, and Essar Global Limited, a/k/a Essar Group. ESML then filed a counterclaim against Great Lakes as well as third-party claims against TC GL Intermediate Limited Partnership, TC Pipelines, LP; TC Pipelines GP, Inc., TransCan Northern, Ltd., TransCanada Pipeline USA, Ltd., TransCanada Pipelines Ltd.,

TransCanada Corporation, Great Lakes Gas Transmission Co., and TransCanada GL, Inc.

ESML and its affiliates appear to be aliens, and assert that Great Lakes, by way of its affiliation with Third-Party Defendants, is likewise an alien.  The Magistrate Judge therefore granted limited jurisdictional discovery for the purpose of determining whether Great Lakes and its affiliates joined as Third-Party Defendants are in fact aliens, as well as whether the Court has personal jurisdiction over Defendants.[1]  The Magistrate Judge's Orders from which Great Lakes appeals concern solely this jurisdictional component of the discovery process.

Great Lakes argues that the Magistrate Judge committed the following errors in his first Order: (1) that the Magistrate Judge erred in concluding that Great Lakes waived its objections to the scope and relevance of document production sought by Defendants; and (2) that the Magistrate Judge erred in directing Great Lakes to produce un-redacted versions of documents. (Great Lakes Appeal at 4, 8 [Doc. No. 279].)  Great Lakes then asserts that the Magistrate Judge committed three errors in the second Order: (1) that the Magistrate Judge erred in accepting Defendants' contention that they had produced all of the requested documents; (2) that Great Lakes did not timely assert, and thus waived, its argument that Defendants' objections to Great Lakes's Second Request for Production and Interrogatories were untimely; and (3) that the Magistrate Judge erred in not compelling Defendants to re-designate documents that were improperly designated as confidential.  (Great Lakes Appeal at 4, 7, 9 [Doc. No. 280].)  These arguments will be addressed in turn.

---

[1] Of course, determination of these threshold issues has ramifications for this case's ultimate disposition.  The case must be dismissed if the Court does not have personal jurisdiction over Defendants or if all parties are aliens.  See Mossman v. Higginson, 4 U.S. 12, 13 (1800) ("The [C]onstitution nowhere gives jurisdiction . . . in suits between alien and alien.").

## II.     DISCUSSION

### A.     Plaintiff's and Third-Party Defendants' Motion to Strike [Doc. No. 289]

Great Lakes and Third-Party Defendants filed a Motion to Strike Defendants' responses to Great Lakes's and Third-Party Defendants' Appeal from the Magistrate Judge's Orders.  This Motion is based largely on "impermissibly placed affidavit evidence and arguments" that were not first presented to the Magistrate Judge.  (Great Lakes Mot. to Strike at 2 [Doc. No. 289].) The Motion also points out that Defendants' response to Great Lakes's and Third-Party Defendants' Appeal to Order No. 271 exceeds the 3,500-word limit imposed by Local Rule 72.2.

At the outset, the Court notes that a motion to strike is an improper vehicle by which to challenge "impermissibly placed affidavit evidence and arguments."  (Id.)  Indeed, "there is no such thing as a motion to strike—at least when the paper being targeted is a memorandum or affidavit . . . ."  Carlson Mktg. Group, Inc. v. Royal Indemnity Co., No. 04-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.).  Litigants may only file a motion to strike the contents of a pleading—a type of document that is not at issue here.  See Fed. R. Civ. P. 8, 12(f).

The appropriate way for Great Lakes and Third-Party Defendants to have voiced their concerns would have been to request permission to submit a reply brief to Defendants' responses. Simply filing a motion sua sponte allows litigants to circumvent the word count constraints of Local Rule 7.1(d), and thus is looked on unfavorably by this Court.  See Carlson Mktg. Group, 2006 WL 2917173, at *2.

On the merits, the Court notes that Great Lakes and Third-Party Defendants indeed have advanced adequate cause for concern.  It is well settled that a district court, on review of a

4

magistrate judge's order, may not consider new affidavits or arguments that were not presented to the magistrate judge in the first instance.  <u>See</u> <u>Roberts v. Apfel</u>, 222 F.3d 466, 470 (8th Cir. 2000) (stating that an argument made before a district court was ineffectual if not first made to the magistrate judge); <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 93 (3d Cir. 1992) (citing 28 U.S.C. § 636(b)(1)(A) in stating that a court's "'clearly erroneous' review function" extends only to those facts that were squarely presented to the magistrate judge).

  Great Lakes's and Third-Party Defendants' contentions that several affidavits impermissibly expand the record are well-taken; indeed, these contentions are not specifically contravened by Defendants' responsive letter.  (<u>See</u> Resp. Letter [Doc. No. 292].)  Thus, although the Court will not grant the Motion to Strike, the Court will not consider those affidavits filed by Defendants that expand the record beyond that considered by the Magistrate Judge.

  Finally, Defendants concede that they did indeed violate the word-count compliance requirement of Local Rule 72.2(a) in one of their responsive briefs.  Defendants have since filed an amended word-count compliance certificate, however, that indicates that their brief is a mere 12 words over the acceptable limit [Doc. No. 293].  Given this revision, Defendants' response will not be invalidated.

**B.  Appeal from Magistrate Judge's Orders of March 3, 2011**

  The Court next considers Great Lakes's specific objections in its Appeal from the Magistrate Judge's Order to determine whether the Order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  "'A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed.'" Chase

v. Comm'r, 926 F.2d 737, 740 (8th Cir. 1991) (quoting United States v. U.S. Gypsum Co., 333

U.S. 364, 395 (1948)).  Accordingly, this "standard of review . . . is extremely deferential."  Reko

v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) (Montgomery, J.).

### 1.      Order on Defendants' Motion to Compel and for Protective Order [Doc. No. 270]

Great Lakes takes issue with the Magistrate Judge's holding that Great Lakes abandoned

its scope and relevancy objections to Defendants' Motion to Compel.  Specifically, Great Lakes

argues that "[t]he Magistrate's conclusion that [Great Lakes] abandoned [its] relevancy and scope

objections is erroneous and inconsistent with the Magistrate's narrowing of the scope of

discovery."  (Great Lakes Appeal at 8 [Doc. No. 279].)

But Great Lakes has already acceded to producing documentation addressing the subjects

on which it now seeks to preserve objections.  (Compare Great Lakes & Third Party Defs.'

Opp'n Mem. at 16-28 [Doc. No. 231] with Order of Mar. 3, 2011 at 12-24 [Doc. No. 270].)

Further, as Defendants point out, the Magistrate Judge's dual Orders of March 3, 2011, are

intended to be construed together.  (Order of Mar. 3, 2011 at 3 n.1 [Doc. No. 270] ("To the

extent that [Defendants'] motion to compel is granted, this Order shall be read in conjunction

with and consistent with this Court's order ruling on Great Lakes and Third-Party Defendants'

Motion for a Protective Order.").)  In the Magistrate Judge's companion Order [Doc. No. 271],

he specifically defined relevancy in the context of this case, thereby rendering moot any

outstanding objections maintained by Great Lakes.  (Order of Mar. 3, 2011 at 28-29 [Doc. No.

271].)  Thus, the Magistrate Judge's ruling on this issue was not contrary to law.

Great Lakes also argues that the Magistrate Judge committed clear error by ordering Third-Party Defendants to produce un-redacted versions of documents that they had previously produced.  Great Lakes asserts that the redacted information is irrelevant and "highly sensitive," and thus it should not be required to produce un-redacted versions.  (Great Lakes Appeal at 8-9 [Doc. No. 279].)  The Magistrate Judge based his conclusion on a two-part rationale: (1) that allowing the documents to be redacted was contrary to principles articulated in Beverage Distributors, Inc. v. Miller Brewing Co., No. 2:08-827 et al., 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010), and ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P., No. 1:10-362, 2010 WL 5230862 (N.D. Ohio Dec. 16, 2010); and (2) that Great Lakes's and Third-Party Defendants' concerns were obviated by the protective order that was already in place.  (Order of Mar. 3, 2011 at 8-10 [Doc. No. 270].)

"[T]he language of [Federal Rule of Civil Procedure] 34 discusses production of 'documents,' rather than paragraphs or sentences."  ArcelorMittal, 2010 WL 5230862, at *3 (citation omitted).  As the court in Beverage Distributors noted, "redaction of otherwise discoverable documents is the exception rather than the rule . . . ."  Beverage Distribs., 2010 WL 1727640, at *4.  Further, in that court's review of cases that allowed for redaction of irrelevant information, "the number of redacted documents appeared to be small, and the content of the redactions was readily apparent."  Id. at *5.  Thus, the burden on the court to engage in an in camera inspection of documents was relatively light in Beverage Distributors.  Additionally, in most cases "the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination . . . ."  Id. at *4.

7

In this case, the Magistrate Judge found that, "considering the overall volume of documents so far produced in this case, . . . it would be 'unnecessarily burdensome and time-consuming' for the Court to expend its limited resources on an in camera review of each and every redacted document to ascertain whether it was relevant . . . ."  (Order of Mar. 3, 2011 at 9 [Doc. No. 270] (quoting Beverage Distribs., 2010 WL 1727640, at *5).)  Great Lakes contests this conclusion, asserting that "the redactions involve, almost exclusively, a single type of document and one or two discrete categories of non-relevant information," and thus the Court would need to examine only "a small handful of such documents."  (Great Lakes Appeal at 10 [Doc. No. 279] (citing Beverage Distribs., 2010 WL 1727640, at *5).)

Contrary to Great Lakes's assertion, the redactions at issue appear to be rather extensive and it seems highly unlikely that such redactions can be reduced to merely "one or two discrete categories."  (See Grier Aff. Ex. P [Doc. No. 214].)  Additionally, the Protective Order currently in place provides adequate protection against dissemination of highly sensitive materials.  (See Protective Order [Doc. No. 187].)  The Magistrate Judge's conclusions were not clearly erroneous and the Court thus defers to the Magistrate Judge's ruling on this issue.  Chase, 926 F.2d at 740.

## 2.   Order on Plaintiff's and Third-Party Defendants' Motion for Protective Order and Plaintiff's Motion to Compel [Doc. No. 271]

Great Lakes also appealed the Magistrate Judge's second Order of March 3, 2011 [Doc. No. 271].  Great Lakes first states that the Magistrate Judge erred in accepting Defendants' representations that they produced documents in response to two Great Lakes requests.  Great Lakes argues that several affidavits, all of which were filed after the required deadline, should have been considered by the Magistrate Judge and, if they had been, would have mandated a

8

finding in Great Lakes's favor.

It was not contrary to law for the Magistrate Judge to refuse consideration of Great Lakes's untimely filed affidavits in support of its Motion. Further, even if those affidavits had been considered, Defendants have flatly rejected their contents. The Court notes that, "of necessity, [it] must accept, at face value, a party's representation that it has fully produced all materials that are responsive to a discovery request." Lumber v. PPG Indus., Inc., 168 F.R.D. 641, 643 n.1 (D. Minn. 1996) (Erickson, M.J.). Indeed, the Court has "no means to test the veracity of [a party's] avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." Id.; see also Order of March 3, 2011 at 6 [Doc. No. 271]. Federal Rule of Civil Procedure 26 provides adequate protection to ensure that, if Defendants are found to be deficient in their document production, appropriate sanctions will be leveled and Great Lakes will not suffer undue prejudice.

Moreover, despite Great Lakes's contention, its supporting affidavits do not definitively demonstrate that Defendants were deficient in their document production. As it relates to the specific deficiencies cited by Great Lakes—namely, First Request for Production of Documents ("RFP") Nos. 3 and 6, and Second RFP No. 13—its affiants' statements are largely speculative and non-specific. (See, e.g., Green Aff. ¶ 8 (stating, in part, that "[t]he emails that were produced tend to indicate that more emails and documents . . . exist but have not been produced").) Without more specificity, the Court must rely on the deterrent effect afforded by Rule 26 sanctions and take Defendants at their word. Thus, even if the Magistrate Judge had considered these affidavits, it is by no means certain, or even likely, that his decision would have been different. Great Lakes's argument lacks merit.

Great Lakes next objects to the Magistrate Judge's ruling that Great Lakes failed to timely assert, and thus waived, its argument that Defendants had waived their objections to Great Lakes's Second RFP and First Interrogatories.  As the Magistrate Judge noted, Great Lakes served its Second RFP and First Interrogatories on Defendants on August 11, 2010.  (Order of Mar. 3, 2011 at 15 [Doc. No. 271].)  Defendants did not serve their responses, however, until October 19, 2010, and November 5, 2010—well past the 30-day deadline required by Federal Rules of Civil Procedure 33 and 34.  (Id.)  In the meantime, Great Lakes filed a Motion to Compel Discovery on October 4, 2010 [Doc. No. 155] that did not object to Defendants' failure to answer timely Great Lakes's Second RFP and First Interrogatories.  Thus, the Magistrate Judge deemed Great Lakes's objection untimely.  (Id. at 15-16.)

The Magistrate Judge's ruling is not contrary to law.  Great Lakes argues that it did not know that Defendants would file belated responses to Great Lakes's Second RFP and First Interrogatories at the time Great Lakes filed its Motion to Compel on October 4, 2010, and thus there was no way that Great Lakes could have objected.  But that argument fails because Rules 33 and 34 demand a 30-day response deadline; Great Lakes therefore did not have to wait for Defendants to answer in order to object.  The Court agrees with the Magistrate Judge's conclusion that "Great Lakes could have and should have raised the issue in their earlier motion papers, or at the very least during the hearing on the motion."  (Id.)

Finally, Great Lakes asserts that the Magistrate Judge erred in refusing to require Defendants to conduct a subsequent review of nearly 88,000 documents to correct any improper designations of confidentiality.  As it did before the Magistrate Judge, Great Lakes provides the Court with samples of documents that were improperly designated in an effort to show that

Defendants "have wrongfully shifted the burden and cost to [Great Lakes] of sifting through the documents to sort out and object to those that have been improperly designated." (Great Lakes Appeal at 10 [Doc. No. 280].)

There is already a procedure in place—a procedure to which both parties stipulated—that allows the parties to make objections to confidentiality designations. (Protective Order at 2-3 [Doc. No. 187].) As the Magistrate Judge noted, the document sampling provided by Great Lakes does not demonstrate that Defendants acted in bad faith when they improperly designated some of the documents. Further, Great Lakes provides only conclusory statements in support of its argument that it is unduly burdened by sorting through Defendants' documents for improper designations. Without more, this Court must defer to the Magistrate Judge's ruling. Great Lakes's argument thus fails.

## III.    CONCLUSION

Great Lakes and Third-Party Defendants have failed to show that the Magistrate Judge's Orders are clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Magistrate Judge Brisbois's Orders of March 3, 2011 [Doc. Nos. 270 and 271], are **AFFIRMED**; and

2.    Plaintiff's and Third-Party Defendants' Motion to Strike [Doc. No. 289] is **DENIED**.

Dated:   April 19, 2011

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge