UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Great Lakes Gas Transmission Limited Partnership,** | Civil No. 09-CV-3037 (SRN/LIB) |
| Plaintiff, | |
| v. | ORDER |
| **Essar Steel Minnesota, LLC; Essar Steel Holdings, Ltd.; Essar Steel Limited; and Essar Global Limited, a/k/a Essar Group,** | |
| Defendants. | |

---

Barbara L. Wohlrabe, Susan D. Nassar, and David W. Elrod, Elrod PLLC, 500 North Akard Suite 3000 Dallas, Texas 75201; David T. Schultz and Julian C. Zebot, Maslon, Edelman, Borman & Brand, LLP, 90 South Seventh Street Suite 3300, Minneapolis, Minnesota, 55402, for Plaintiff

Stephanie J. Goldstein, Fried, Frank, Harris, Shriver & Jacobson, LLP, One New York Plaza, New York, New York 10004; Thomas S. Fraser and Nicole Moen, Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota 55402, for Defendants

---

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff's Motion for Leave to Supplement the Summary Judgment Record [Doc. No. 502] and Plaintiff's Motion for Leave to File a Reply [Doc. No. 507]. For the reasons that follow, Plaintiff's motions are granted. Defendants are also permitted to file a sur-reply.

Plaintiff seeks permission to supplement the summary judgment record with three documents which it contends are pertinent to the issue of whether Defendants may assert Tariff section 6.13.8 as an affirmative defense to Plaintiff's claims. The three documents in question

1

include the following: (1) a March 2, 2009 letter from former defense counsel Avron Gordon to counsel for the sellers of Minnesota Steel Industries ("MSI"); (2) a May 31, 2006 letter from Great Lakes to the Federal Energy Regulatory Commission ("FERC"); and (3) a June 30, 2006 letter from the FERC to Great Lakes. (Pls.' Mot. for Leave to Supp. Record at 2-3 [Doc. No. 502].) Defendants submitted a memorandum in opposition to Plaintiff's motion, arguing that the proposed supplemental materials do not alter the meaning of the provisions of the Tariff, and therefore should not be considered by the Court. (Defs.' Opp'n Mem. at 1-2 [Doc. No. 505].) In response to Defendants' opposition memorandum, Plaintiff has requested leave to file a reply in response to legal arguments raised in Defendants' opposition memorandum. (Pl.'s Mot. for Leave to File Reply at 1 [Doc. No. 507].)

Having reviewed the parties' submissions, the Court grants Plaintiff's motions. The Court will permit the supplementation of the record as well as Plaintiff's request to file a reply, limited to the legal issues raised in Defendants' opposition memorandum. In addition to permitting Plaintiff to file a reply , the Court also grants Defendants the opportunity to file a sur-reply. The sur-reply is likewise limited to the issues raised in Plaintiff's reply. The reply and sur-reply should shall be no more than five (5) pages in length.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Leave to Supplement the Summary Judgment Record [Doc. No. 502] is **GRANTED;**

2. Plaintiff's Motion for Leave to File a Reply [Doc. No. 507] is **GRANTED**;

3. Defendants may file a sur-reply, as set forth herein;

4. Plaintiff's Reply shall be filed no later than **Friday, February 8, 2013**; and

5. Defendants' Sur-Reply shall be filed no later than **Thursday, February 14, 2013.**

Dated:   February 4,  2013

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge
