# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Great Lakes Gas Transmission Limited Partnership,<br>    Plaintiff,<br><br>         v.<br><br>Essar Steel Minnesota LLC, Essar Steel Limited f/k/a Essar Steel Holdings, Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a Essar Global Limited,<br>    Defendants. | Court File No. 09-CV-03037 SRN/LIB<br><br><br>**PLAINTIFF'S MOTION IN LIMINE** |

Pursuant to Local Rules 16.6(b)(5) and 39.1(b)(1)(A)(v), and before the voir dire examination of the jury panel, Plaintiff Great Lakes Gas Transmission Limited Partnership ("Great Lakes") files this motion in limine. Great Lakes seeks to exclude matters that are inadmissible, irrelevant, confusing or prejudicial to the material issues in this case.

If Defendants are permitted to inject these matters in this case through documentary evidence, an attorney or a witness, Defendants will cause harm to Great Lakes' case, which no jury instruction would cure.

If any of these matters are directly or indirectly brought to the attention of the jury, Great Lakes will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Great Lakes files this motion in limine to exclude the following matters and evidence from being mentioned before the jury

**MOTION IN LIMINE 1:** Any evidence, statement, or argument about settlement negotiations, and in particular, the suggestion that Defendants sought to renegotiate the terms of the Transportation Services Agreement ("TSA") at issue in this case or that Great Lakes did not entertain a renegotiated contract.

First, evidence of settlement negotiations is inadmissible. FED. R. EVID. 408. Second, the Court has already ruled as a matter of law that Great Lakes had no obligation to renegotiate the TSA. (Doc. No. 755, at 28) ("The law does not require a plaintiff to accept such a speculative, radically different offer in mitigation of its damages under these circumstances. Requiring a plaintiff to do so, under these facts, would distort the law of contracts by permitting a breaching party to unilaterally dictate the terms of a significantly different, renegotiated contract."). Such negotiations are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 2:** Any evidence, statement or argument that Great Lakes is (or should be) limited to recovery of only the Letter of Credit in the amount of $580,000 related to the TSA, whether under Great Lakes' Tariff or otherwise. The Court has ruled that Great Lakes' damages are not limited to the Letter of Credit or by the limitation of liability provisions of Great Lakes' Tariff. (Doc. No. 559, at 11–23). Such statements and/or arguments are, therefore, entirely irrelevant to the remaining issue for trial. FED.

R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 3:** Any evidence, statement or argument that Defendants were or have been unable to obtain necessary funding for the Nashwauk Facility over time, including any evidence of Defendants' attempts to finance the Nashwauk Project after Essar's acquisition of MSI. The Court has ruled as a matter of law (on multiple occasions) that Defendants' performance and payment under the TSA was not conditioned upon obtaining such financing. (Doc. No. 397, at 18–19, 23; Doc. No. 559, at 32). Such arguments or suggestions are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 4:** Any evidence, statement or argument of Defendants' alleged *force majeure* or commercial impossibility/impracticability defenses, including mention of the 2008 "global economic crisis," or that any such events affect or diminish Great Lakes' damages in this case in any way. The Court has ruled as a matter of law (on multiple occasions) that these defenses and/or occurrences do not excuse Defendants' breach of contract. (Doc. No. 397; Doc. No. 559, at 30–33). The Court held that *force*

*majeure* does not apply to financial crises or changes in financial conditions. (Doc. No. 397, at 18; Doc. No. 559, at 31). Such arguments or suggestions are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 5:** Any evidence, statement or argument that Great Lakes could have or should have mitigated its damages in this case. The Court has granted summary judgment in Great Lakes' favor on mitigation and found that Defendants' mitigation defense "fails as a matter of law." (Doc. No. 755, at 37–38). Such arguments or suggestions are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 6:** Any evidence, statement or argument that Great Lakes analyzed the creditworthiness of MSI, including any evidence, statement or argument that Great Lakes "determined" MSI to be not creditworthy. The evidence submitted with the parties' respective motions to exclude experts conclusively shows that: (1) Great Lakes did not analyze MSI's credit; (2) a shipper who chooses to provide a letter of credit is not required to provide financial statements; and (3) MSI <u>chose</u> to provide a letter of credit in

lieu of demonstrating its creditworthiness. (Doc. No. 796, at 16–18, and evidence cited therein). The insertion of such an argument, therefore, contradicts the undisputed evidence and misleads the jury. FED. R. EVID. 403. Further, whether Great Lakes determined MSI to be creditworthy or not is not relevant to the remaining issue for trial. FED. R. EVID. 401, 402.

**MOTION IN LIMINE 7:** Any evidence, statement or argument that MSI and/or Essar told Great Lakes (or that Great Lakes was aware) that the Nashwauk Project was delayed, that Defendants encountered any difficulties in obtaining financing, or that gas would not be "needed" until a later date. Again, the Court has ruled as a matter of law (on multiple occasions) that Defendants' breach of contract is not excused by *force majeure* or by commercial impossibility/impracticability. (Doc. No. 397; Doc. No. 559, at 30–33). Such arguments or suggestions are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 8:** Any evidence, statement or argument concerning the "bridge loans" entered into between MSI and Interlachen Steel Ventures in 2006 and between MSI and Morgan Stanley in 2007. A "bridge loan" is a short-term instrument with characteristically high rates. (*See* Doc. No. 777, at 20 n.20 (citing authorities); *see also*

Sept. 22, 2014 Hr'g Tr., at 52–53). Such loans are not suitable as a benchmark for the appropriate discount rate in this case and therefore are irrelevant. FED. R. EVID. 401, 402. Moreover, the rate of interest attached to a "bridge loan" is not in any way indicative of how a potential investor would have viewed the cash flows associated with the TSA. (*See* Doc. No. 777, at 20–22). Even if the "bridge loan" was somehow relevant, its probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 9:**   Any evidence, statement or argument referencing the opinions of any expert whose testimony has been struck and/or precluded by the Court.

**MOTION IN LIMINE 10:**   Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

**MOTION IN LIMINE 11:**   Any evidence, statement or argument that Great Lakes' gross damages are anything other than the fixed amount due under the TSA and Great Lakes' Tariff. Based on the Court's summary judgment rulings, the only question remaining as to Great Lakes' damages is the discounted value of Great Lakes' gross damages. Any arguments or suggestions to the contrary are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow

relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

**MOTION IN LIMINE 12:** Any evidence, statement or argument that MSI and/or ESML has never used and/or needed to use the capacity it contracted for under the TSA. Based on the Court's summary judgment rulings, the only question remaining as to Great Lakes' damages is the discounted value of Great Lakes' gross damages, and whether or not MSI and/or ESML actually used the capacity does not affect either its liability or the damages at issue. Any arguments or suggestions to the contrary are, therefore, entirely irrelevant to the remaining issue for trial. FED. R. EVID. 401, 402. Even if they were somehow relevant, their probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and wasting time. FED. R. EVID. 403.

Dated:  October 9, 2014                    **ELROD, PLLC**

                                           By:     /s/  David W. Elrod
                                                   David W. Elrod
                                                   Texas State Bar No. 06591900
                                                   Barbara Wohlrabe
                                                   Texas State Bar No. 21842600
                                                   Brian A. Farlow
                                                   Texas State Bar No. 00795339
                                                   Worthy W. Walker
                                                   Texas State Bar No. 24033308
                                                   Hayley Ellison
                                                   Texas State Bar No. 24074175
                                                   500 N. Akard Street, Suite 3000
                                                   Dallas, Texas 75201
                                                   Telephone:  (214) 855-5188
                                                   Facsimile:  (214) 855-5183

and

**MASLON EDELMAN BORMAN & BRAND, LLP**
David T. Schultz (#169730)
Julian C. Zebot (#0330644)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 672-8200

**ATTORNEYS FOR PLAINTIFF GREAT LAKES GAS TRANSMISSION LIMITED PARTNERSHIP**