UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Great Lakes Gas Transmission Limited Partnership,** | Civil No. 09-CV-3037 (SRN/LIB) |
| Plaintiff, | AMENDED ORDER FOR ENTRY OF JUDGMENT[1] |
| v. | |
| **Essar Steel Minnesota LLC; Essar Steel Limited** f/k/a Essar Steel Holdings, Ltd.; Essar Steel India Limited f/k/a Essar Steel Limited; and Essar Global Fund Ltd. f/k/a Essar Global Limited, | |
| Defendants. | |

---

Brian A. Farlow, Hayley Ellison, Worthy W. Walker, Barbara L. Wohlrabe, and David W. Elrod, Gruber Hurst Elrod Johansen Hail Shank, LLP, 1445 Ross Ave, Suite 2500, Dallas, TX 75202; David T. Schultz, Cooper S. Ashley, and Julian C. Zebot, Maslon LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402, for Plaintiff.

Douglas H. Flaum, Kevin P. Broughel, and Shahzeb Lari, Paul Hastings LLP, 75 East 55th Street, New York, NY 10022; Lousene M. Hoppe and Nicole M. Moen, Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN 55402-1425; Ryan Stutzman, David M. Johnson, and Thomas R. Thibodeau, Thibodeau, Johnson, and Feriancek PLLP, 800 Lonsdale Bldg., 302 W. Superior Bldg., Duluth, MN 55805, for Defendants.

---

[1] This Order is amended only to reflect the correct case caption, as reflected in the Order of July 11, 2013 [Doc. No. 636].

SUSAN RICHARD NELSON, United States District Court Judge

This matter was tried to a jury on August 17-19, 2015, in Duluth, Minnesota. The jury considered the appropriate discount rate to adjust future damages to present value for Plaintiff Great Lakes Gas Transmission Limited ("Great Lakes"). The jury determined that the appropriate rate was 4.30%. (Redacted Special Verdict Form [Doc. No. 970].)

The Court thereafter instructed the parties to submit a damages calculation, using the jury's 4.30% discount rate for future damages, after which the Court would order entry of judgment. The Court specifically directed the parties to perform their own damages calculations and share them with each other, then provide a calculation, or any differences of opinion in the calculation, to the Court within 10 days of the close of trial. (Trial Tr. of 8/19/15 at 383 [Doc. No. 969].) Pursuant to the Court's directive, presently before the Court are the calculations offered by Plaintiff [Doc. No. 974] and by Defendants Essar Steel Minnesota LLC, Essar Steel Limited f/k/a Essar Steel Holdings, Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a Essar Global Limited (collectively, "the Essar Defendants") [Doc. No. 975].

Based on the jury's ruling, and consistent with Trial Exhibit P-60A, the parties agree that the calculation for post-trial damages, or "future damages," is $18,410,723. (Pl.'s Calculations [Doc. No. 974]; Defs.' Calculations [Doc. No. 975]; Tr. Ex. 60-A [Doc. No. 974-1].) The Court accepts this calculation and finds Defendants liable to Plaintiff for such damages in the amount of $18,410,723.

The parties disagree, however, about the calculation of pretrial damages, or "past

damages." Defendants argue that Plaintiff should not receive prejudgment interest for the initial three-month period of the contract, which was to have commenced on August 17, 2009, because, three months into the period of the contract, in November 2009, Plaintiff drew on the $580,000 letter of credit. (Defs.' Calculations at 1 [Doc. No. 975].) Defendants assert that "[t]here is no basis for Plaintiff to recover prejudgment interest on an amount that it received 6 years ago. Rather, the $580,000 should be subtracted from past due payments before prejudgment interest is calculated on those payments." (Id.)

Plaintiff, however, asserts that the $580,000 associated with the letter of credit should be deducted from the total amount of damages, as determined by Great Lakes' testifying expert Dr. A. Lawrence Kolbe, and reflected in Trial Exhibit P-60B. (Pl.'s Calculation at 2 [Doc. No. 974]; Trial Ex. P-60B [Doc. No. 974-2].) In other words, Plaintiff contends that it should receive prejudgment interest on the monthly payments of $190,190 that it did not receive in August, September, and October 2009.

The Court finds that Plaintiff's approach is correct and is supported by the law and the evidence admitted at trial. As the Eighth Circuit Court of Appeals has observed,

> [a]warding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation.

Stroh Container Co. v. Delphi Indus., Inc. 783 F.2d 743, 752 (8th Cir. 1986). The evidence is undisputed that Plaintiff received no payments during the three-month period of August, September, and October 2009. Plaintiff's draw on the $580,000 letter of credit

in November 2009 does not compensate Plaintiff for the interest that would have accrued on the $190,190 in monthly payments if Defendants had paid Plaintiff in August, September, and October 2009.  Dr. Kolbe's calculation accounts for prejudgment interest on these damages and also properly deducts the $580,000 letter of credit amount from the total amount of damages.  (Trial Ex. P-60B [Doc. No. 974-2].)  This calculation best serves the purpose of compensating Plaintiff for the true cost of the damages incurred.  The Court therefore accepts Plaintiff's calculation of pretrial damages, or past damages, in the amount of $13,695,605, plus $1,375,856 in prejudgment interest.  Accordingly, as reflected in Trial Exhibit P-60B [Doc. No. 974-2], after deducting the letter of credit amount of $580,000, Plaintiff is entitled to damages in the amount of $32,902,183.[2]

---

[2] The Court notes that Trial Exhibit P-60B [Doc. No. 974-2] underestimates the total amount of damages by $1.  Although neither party notes this discrepancy, the Court presumes that it is the result of not rounding up the future damages amount of $18,410,722.71 when the calculation was performed in Trial Exhibit P-60B.  (See Trial Ex. P-60A, Am. Table 58 [Doc. No. 974-1 at 14].)  The correct calculation is

    $18,410,723 in future damages
      13,695,605 in past damages
    + 1,375,856 in prejudgment interest on past damages
    $33,482,184 (Cf. to $33,482,183 in Trial Ex. P-60B [Doc. No. 974-2].)

    $33,482,184
    -    580,000 letter of credit deduction
    $32,902,184

The Court further notes that because Plaintiff's calculation and the amount it requests, i.e., $32,902,183, has the effect of reducing Plaintiff's award, albeit by only $1, the Court adopts Plaintiff's calculation because it reduces Defendants' liability in that amount.

**THEREFORE, IT IS HEREBY ORDERED that**

Plaintiff is entitled to judgment in its favor against Defendants in the total amount of $32,902,183.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 16, 2015

                                                     s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Court Judge