UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Great Lakes Gas Transmission Limited Partnership,<br><br>     Plaintiff,<br><br>v.<br><br>Essar Steel Minnesota, LLC; Essar Steel Limited f/k/a Essar Steel Holdings, Ltd.; Essar Steel India Limited f/k/a Essar Steel Limited; and Essar Global Fund Ltd. f/k/a Essar Global Limited,<br><br>     Defendants. | Case No. 09-cv-3037 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Brian A. Farlow, Hayley Ellison, Worthy W. Walker, Barbara L. Wohlrabe, and David W. Elrod, Elrod PLLC, 500 North Akard Street, Suite 3000, Dallas, TX 75201; David T. Schultz and Julian C. Zebot, Maslon LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402, for Plaintiff.

Douglas H. Flaum, Kevin P. Broughel, and Shahzeb Lari, Paul Hasting LLP, 75 East 55th Street, New York, NY 10022; Lousene M. Hoppe and Nicole M. Moen, Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN 55402-1425; Thomas R. Thibodeau and David M. Johnson, Thibodeau Johnson & Feriancek, PLLP, 302 W. Superior Street, Suite 800, 800 Lonsdale Building, Duluth, MN 55802, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants Essar Steel Limited f/k/a Essar Steel Holdings, Ltd.'s, Essar Steel India Limited f/k/a Essar Steel Limited's, and Essar Global Fund Ltd. f/k/a Essar Global Limited's (collectively, "the Foreign Essar Defendants") Motion to Amend the Amended Judgment ("Amended Judgment Motion") [Doc. No. 984] and Motion for Review of Cost Judgment ("Cost Motion") [Doc. No. 1016]. For the

reasons that follow, the Foreign Essar Defendants' Amended Judgment Motion is granted in part and denied in part and their Cost Motion is granted.

## I. BACKGROUND

The history of this case, which is entering its sixth year of litigation, is extensively recounted in the prior opinions and orders of this Court. It is briefly summarized here.

In short, this case arises from a contract ("Contract") dated September 6, 2006, between Great Lakes ("Plaintiff" or "Great Lakes") and Minnesota Steel Industries ("MSI"), which became effective on November 30, 2006. (Ellison Aff., Ex. 2 "Contract" [Doc. No. 681-2].) The Contract required Great Lakes to transport up to 55,000 dekatherms of natural gas per day on MSI's behalf. (Id.) The Contract, otherwise known as the Transportation Services Agreement ("TSA"), was to govern the parties' relationship from July 1, 2009 through March 31, 2024. (Id.) In exchange for Plaintiff's transportation of natural gas, the Contract required MSI to pay Great Lakes the maximum reservation rates and charges on a monthly basis, pursuant to the applicable rate schedule reflected in Plaintiff's gas tariff (the "Tariff") on file with the Federal Energy Regulatory Commission ("FERC"). (Id.) In addition, MSI was obligated to pay all applicable surcharges. (Id.)

In 2007, Defendant Essar Steel Minnesota, LLC ("ESML") acquired the membership interests of MSI and its assets and liabilities. (First Am. Answer at ¶ 19 [Doc. No. 314].) ESML is closely affiliated with the Foreign Essar Defendants. In October 2009, Great Lakes filed a breach of contract action ("Count I") against ESML, alleging that ESML failed to make the first payment of $190,190 due on August 17, 2009, and has failed to

make all subsequent payments. (First Am. Compl. at ¶¶ 48–54 [Doc. No. 35].)[1] Great Lakes also brought claims against the Foreign Essar Defendants based on theories of piercing the corporate veil/alter ego ("Count II"), (First Am. Compl. at ¶¶ 55–58), joint enterprise/joint venture ("Count III"), (id. at ¶¶ 59–61), and agency liability ("Count IV"), (id. at ¶¶ 62–63). Importantly, each of these claims specifically alleged that the Foreign Essar Defendants were liable for any damages recoverable against ESML for its breach of the Contract. (Id. at ¶¶ 58, 61, 63.)

The Court found as a matter of law that ESML breached the Contract. (See, e.g., Order dated March 19, 2013 at 38–44 [Doc. No. 559].) In July of 2013, the Foreign Essar Defendants offered to settle Counts II–IV by way of judgment pursuant to Federal Rule of Civil Procedure 68. (Offer of Judgment dated July 3, 2013 ("Offer of Judgment") [Doc. No. 639].) The Offer of Judgment reads, in relevant part, that the Foreign Essar Defendants,

> hereby offer to settle, by way of judgment, the claims against them, on the Second, Third, and Fourth Claims . . . . [The Foreign Essar Defendants] agree they will pay all damages determined by the Court to be recoverable by Plaintiff as a result of any judgment entered against [ESML] in this case for breach and anticipatory repudiation of the [Contract] along with all costs in relation to such claims which have been incurred to date.

(Offer of Judgment at 1.) Great Lakes accepted the Offer of Judgment the same day it was offered. (Notice of Acceptance of Rule 68 Offer of Judgment dated July 3, 2013 [Doc. No. 640].)

The only issue remaining then was the amount of Great Lakes' damages. An award of future damages must be reduced to present value. This is regularly done by calculating

---

[1] Great Lakes first filed suit in October of 2009, (see Compl. [Doc. No. 1]), but filed an amended complaint in February of 2010, (see First Am. Compl.).

and then applying a discount rate to those damages.  A jury trial on the limited issue of the appropriate discount rate to apply to Great Lakes' future damages under the Contract was held from August 17, 2015 through August 19, 2015 in Duluth, Minnesota.  The jury found the appropriate discount rate to be 4.30%.  (Special Verdict Form dated August 19, 2015 [Doc. No. 970].)

Pursuant to this finding by the jury and the additional calculations of the parties, the Court ordered that judgment be entered "against the Defendants in the total amount of $32,902,183." (Amended Order dated September 16, 2015 at 5 [Doc. No. 977].)  The Clerk of Court duly entered judgment on these exact terms ("Amended Judgment").  (See Amended Judgment dated September 16, 2015 [Doc. No. 979].)[2]  Later, the Clerk of Court also entered a cost judgment against both ESML and the Foreign Essar Defendants for $61,177.38. (Cost Judgment dated October 21, 2015 ("Cost Judgment") [Doc. No. 1011].)

The Foreign Essar Defendants now ask that the Amended Judgment be amended. (See Amended Judgment Motion.)  Specifically, Defendants allege that pursuant to the Offer of Judgment, the Amended Judgment should read, "Plaintiff is entitled to judgment in its favor against ESML in the total amount of $32,902,183."  (See Memorandum of Law in Support of Motion to Amend the Amended Judgment ("Memo.") at 2 [Doc. No. 986].)[3]  In essence, the Foreign Essar Defendants claim "the judgment itself can only be against ESML

---

[2] The judgment was amended to fix an inadvertent typographical error and reflect that the discount rate was determined by a jury.

[3] All citations to the Memo. and Reply reference the page numbers as listed in those documents, not the ECF page numbers.

4

because Plaintiff's acceptance of [the Foreign Essar Defendants'] offer of judgment terminated Plaintiff's claims against [them]."[4]  (Id. at 1; see Reply Memorandum of Law in Further Support of Motion to Amend the Amended Judgment ("Reply") at 1 [Doc. No. 1015].)  Notably, the Foreign Essar Defendants argue that the amendment should clarify that the Amended Judgment is entered only against ESML **and** "that judgment against the [Foreign Essar Defendants] has been entered on the claims against the [Foreign Essar Defendants], based on their agreement to pay the damages assessed against ESML." (Reply at 3.)

Great Lakes filed a timely response arguing no amendment of the Amended Judgment is necessary.  (See Plaintiff's Memorandum in Opposition to Defendants' Motion to Amend the Amended Judgment ("Resp.") [Doc. No. 1009]).  Great Lakes correctly notes that until the Amended Judgment, no judgment whatsoever had been entered against the Foreign Essar Defendants.  (Resp. at 3.)  However, Great Lakes also disputes that the Offer of Judgment removed the Foreign Essar Defendants from the proceedings.  (Id. at 3–4.) According to Plaintiff, it "must have judgment against the Foreign Essar Defendants for the same damages awarded against ESML . . . ."  (Id. at 3.)

---

[4] In their initial briefing, the Foreign Essar Defendants made a passing assertion that the Offer of Judgment obligated them to pay any judgment against ESML only to the extent ESML did not satisfy the judgment.  (See Memo. at 1.)  Great Lakes argues no such condition is contained in the Offer of Judgment.  (Resp. at 4.)  Great Lakes is correct— the Offer of Judgment plainly does not contain this limitation.  (See Offer of Judgment.) The Court may not read such a term into the parties' agreement.  See Perkins v. U.S. W. Commc'ns, 138 F.3d 336, 338 (8th Cir. 1998) (when ordering the entry of judgment pursuant to a Federal Rule of Civil Procedure 68 offer of judgment, the "district court possesses no discretion to alter or modify the parties' agreement").  Of course, this does not entitle Great Lakes to any form of double recovery, but instead entitles it to seek recovery from any of the Defendants without first attempting to collect from ESML.

The Foreign Essar Defendants also ask that the Cost Judgment be amended so that the amount taxed against them is reduced by $18,183.56. (Cost Motion at 2.) They argue that pursuant to the Offer of Judgment, they only agreed to pay Great Lakes' costs to the date of the Offer and $18,183.50 of the costs presently taxed against them arose after that date. (Id.) Great Lakes notes that this is an unusual case in that the Foreign Essar Defendants settled the derivative claims against them by way of the Offer of Judgment, but Great Lakes was forced to incur substantial additional costs pursuing its primary claim against ESML. (Plaintiff's Response to the Foreign Essar Defendants' Motion for Review of Costs at 1 [Doc. No. 1017].) Great Lakes argues that "equity would indicate that the Foreign Essar Defendants should be liable for all costs since the party for which they conceded derivative liability continued to defend the primary claim" and forced Great Lakes to incur the additional costs. (Id. at 1–2.) However, Great Lakes ultimately does not oppose the amended taxation of costs proposed by the Foreign Essar Defendants because all Defendants posted a bond pending appeal. (Id. at 2.)

## II.   DISCUSSION

### A. Legal Standard for Rule 68 Offers of Judgment

Federal Rule of Civil Procedure 68 allows a defendant to serve a settlement offer for a particular amount or other relief on the plaintiff. Fed. R. Civ. P. 68(a). This offer must include "costs then accrued." Id. If the plaintiff rejects the offer, but ultimately receives a judgment that is less favorable than the offer, the plaintiff must pay the costs incurred by the defendant after the offer was made. Fed. R. Civ. P. 68(d). If the plaintiff accepts, either party can file the offer, acceptance and proof of service with the court. Fed. R. Civ. P.

68(a). Once filed, the court enters judgment pursuant to the terms of the offer. Id. In general, Rule 68 is meant "to encourage settlement and avoid litigation" by requiring that both parties assess the risks and costs of litigation and balance them with the likelihood of success on the merits. Marek v. Chesny, 473 U.S. 1, 5 (1985). Although simple on its face, Rule 68 has been described as "among the most enigmatic of the Federal Rules of Civil Procedure," because it leaves many basic questions unanswered. Crossman v. Marcoccio, 806 F.2d 329, 331 (1st Cir. 1986); see Danielle M. Shelton, Rewriting Rule 68: Realizing the Benefits of the Federal Settlement Rule by Injecting Certainty into Offers of Judgment, 91 Minn. L. Rev. 865, 876–915 (2007) (canvassing a wide array of areas where courts disagree or appear confused about the operation of Rule 68).

However, here the dispute centers on the procedural entry of judgment pursuant to the Offer of Judgment. On this matter, the law is clearer:

> Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted. By directing that the clerk **shall** enter judgment after proof of offer and acceptance has been filed, the explicit language of the Rule indicates that the district court possesses no discretion to alter or modify the parties' agreement.

Perkins v. U.S. W. Commc'ns, 138 F.3d 336, 338 (8th Cir. 1998); see White v. Nat'l Football League, 756 F.3d 585, 595 (8th Cir. 2014) (holding that Rule 68 "requires the clerk to enter a formal judgment in favor of the plaintiff, the court itself exercises no review over the judgment.").

### B. Entry of Judgment Against the Specific Defendants

It is important to lay out precisely what is in dispute between Great Lakes and the Foreign Essar Defendants and what is not. Neither party disputes that the Offer of Judgment was made and accepted. Neither disputes that it was a binding and valid agreement. Nor is there any true disagreement about the Offer of Judgment's terms. See supra fn.4. The parties even agree that judgment must be entered against the Foreign Essar Defendants on Counts II–IV. The only disagreement is whether the Amended Judgment, which is currently entered against ESML **and** the Foreign Essar Defendants, properly reflects the Offer of Judgment and the procedural history of this case.

The Foreign Essar Defendants are correct that judgment on Count I (breach of contract) should be entered against only ESML. Technically, Great Lakes asserted this claim against only ESML. (See First Am. Compl. at ¶¶ 48–54.) The Offer of Judgment clearly did not encompass Count I. (See Offer of Judgment.) However, whether judgment on Count I is entered against the Foreign Essar Defendants or not would seem to be a distinction without a meaningful legal difference.

Pursuant to the Offer of Judgment, the Foreign Essar Defendants agreed to have judgment entered against them on Counts II–IV. (Offer of Judgment at 1.) Those counts offer three separate bases on which the Foreign Essar Defendants are "liable for the damages suffered by Great Lakes as a result of [ESML's] breach and anticipatory repudiation of the Contract." (First Am. Compl. at ¶¶ 58, 61, 63.) Moreover, the Offer of Judgment itself makes clear that the Foreign Essar Defendants "will pay all damages . . . as a result of any judgment entered against [ESML] in this case for breach and anticipatory repudiation of the [Contract] . . . ." To be clear, the Foreign Essar

Defendants are liable for and obligated to pay the judgment amount entered against ESML.[5]

### C. Amendment of Cost Judgment

As described above, Great Lakes does not oppose the Foreign Essar Defendants' proposed amendment to the Cost Judgment.  Supra Part I.  The Court will thus grant the Foreign Essar Defendants' Cost Motion and reduce the taxation of costs against them by $18,183.56.  The total costs taxed against the Foreign Essar Defendants then will be $42,993.82.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Foreign Essar Defendants' Motion to Amend the Amended Judgment [Doc. No. 984] is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk of Court shall enter an amended judgment containing the following language:

   > Plaintiff is entitled to judgment in its favor against Defendant Essar Steel Minnesota, LLC on Count I and to judgment in its favor, pursuant to the Offer of Judgment dated July 3, 2013 [Doc. No. 639], against Defendants Essar Steel Limited f/k/a Essar Steel Holdings, Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a Essar Global Limited (collectively, "Foreign Essar Defendants"), on Counts II, III, and IV.  Pursuant to these judgments, the terms of the Offer of Judgment, and Federal Rule of Civil Procedure 68, Plaintiff is entitled to a total judgment amount of

---

[5] To the extent Defendants disagree with this conclusion, they should have more carefully crafted their Offer of Judgment.  See Sampson v. Embassy Suites, Inc., No. CIV. A. 95-7794, 1998 WL 726649, at *1 (E.D. Pa. Oct. 16, 1998) ("If there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer.  A defendant who fails to state his intentions clearly acts at his peril.")

$32,902,183 against Essar Steel Minnesota, LLC and the Foreign Essar Defendants.

3. The Foreign Essar Defendants' Motion for Review of Cost Judgment [Doc. No. 1016] is **GRANTED**.

4. The Clerk of Court shall amend the Cost Judgment [Doc. No. 1011] to tax costs as follows:

    a. Costs in the amount of $61,177.38 will be taxed against Defendant Essar Steel Minnesota LLC;

    b. Costs in the amount of $42,993.82 will be taxed against Defendants Essar Steel Limited f/k/a Essar Steel Holdings, Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a Essar Global Limited.

Dated:  January 5, 2016                              s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge