# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Great Lakes Gas Transmission Limited Partnership,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Essar Steel Minnesota, LLC; Essar Steel Limited f/k/a Essar Steel Holdings, Ltd.; Essar Steel India Limited f/k/a Essar Steel Limited; and Essar Global Fund Ltd. f/k/a Essar Global Limited,<br><br>　　　　Defendants. | Case No. 09-cv-3037 (SRN/LIB)<br><br><br>**ORDER** |

Brian A. Farlow, Hayley Ellison, Worthy W. Walker, Barbara L. Wohlrabe, and David W. Elrod, Elrod PLLC, 500 North Akard Street, Suite 3000, Dallas, TX 75201; Julian C. Zebot and Cooper S. Ashley, Maslon LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402, for Plaintiff.

Douglas H. Flaum, Kevin P. Broughel, and Shahzeb Lari, Paul Hastings LLP, 75 East 55th Street, New York, NY 10022; Lousene M. Hoppe and Nicole M. Moen, Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN 55402-1425; Thomas R. Thibodeau, David M. Johnson, and Ryan Stutzman, Thibodeau Johnson & Feriancek, PLLP, 302 W. Superior Street, 800 Lonsdale Building, Duluth, MN 55802, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

　　Before the Court is a request for an award of costs associated with the appeal filed by

Defendants Essar Steel Minnesota, LLC,[1] Essar Steel Limited f/k/a Essar Steel Holdings,

Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a

---

[1] Essar Steel Minnesota, LLC has changed its name to Mesabi Metallics Company LLC.

Essar Global. (ESML's Verified Bill of Costs on Appeal [Doc. No. 1037].) For the reasons set forth below, the Essar Defendants' request is granted.

## I. BACKGROUND

On September 16, 2015, this Court entered judgment against Defendants in the amount of $32,902,183.00. (See Am. Order for Entry of Judgment at 4-5 [Doc. No. 977]; Am. Judgment [Doc. No. 979].) On September 18, 2015, Defendants filed a Notice of Appeal to the Eighth Circuit Court of Appeals. (Notice of Appeal [Doc. No. 987].) To stay execution of judgment pending the appeal, the parties entered into a stipulation requiring Defendants to deposit with the Clerk of this Court a supersedeas bond in the sum of $37,837,510.45, representing 115% of the judgment. (See Stipulation [Doc. No. 1006]; Order of 10/5/15 [Doc. No. 1007]; Bond [Doc. No. 1010].)

In order to obtain the supersedeas bond, Defendants paid a premium of $756,750.00 to their insurer, the Atlantic Specialty Insurance Company ("Atlantic"), and, in order to renew the bond for October 2016 through April 2017, they further paid Atlantic $474,969.00. (Invoices, Ex. 1 to ESML's Verified Bill of Costs on Appeal [Doc. No. 1037-1 at 2-3].)

Defendants' appeal to the Eighth Circuit was successful. Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC, 843 F.3d 325, 334 (8th Cir. 2016). The Eighth Circuit instructed this Court to vacate judgment and dismiss the matter for lack of jurisdiction. Id.

Shortly thereafter, Defendants filed a Bill of Costs with the Eighth Circuit, seeking an order requiring that Great Lakes reimburse them for a filing fee of $505.00, citing Rule 39 of

the Federal Rules of Appellate Procedure and Rule 39A of the Eighth Circuit's Local Rules. (Appellants' Bill of Costs [Doc. No. 1040-1].) They further stated, "Appellants reserve the right to request taxation of the cost for preparation and transmission of the trial transcript and record, <u>premiums paid for Appellants' supersedeas bond</u>, and the filing fee for the notice of appeal, from the United States District Court, District of Minnesota, in accordance with Rule 39(e) of the Federal Rules of Appellate Procedure." (<u>Id.</u> at 1-2) (emphasis added).

On December 28, 2016, the Eighth Circuit issued a short order permitting Defendants to recover from Plaintiff Great Lakes Gas Transmission Limited Partnership ("Great Lakes") the sum of $500.00 as taxable costs on appeal [Doc. No. 1040-2]. Pursuant to Federal Rule of Appellate Procedure 39(e)(4), the Eighth Circuit directed Defendants to recover the statutory filing fee of $5.00 with this Court. (<u>Id.</u>) The Order contained no language regarding Defendants' reservation of rights for the taxation of costs on the premiums paid for the supersedeas bond.

Defendants now request that this Court award the $5.00 filing fee for their Notice of Appeal and the $1,229,719.00 in supersedeas bond premiums that they incurred, for a total of $1,229,724.00, to be paid by Great Lakes. (ESML's Verified Bill of Costs at 1.) Great Lakes objects to Defendants' request, arguing that Defendants did not seek an order regarding the taxation of supersedeas bond premium payments from the Eighth Circuit, nor did the Eighth Circuit address such costs. (Pl.'s Obj. at 1-2 [Doc. No. 1040].) Accordingly, Plaintiff contends that these costs are not recoverable under Rule 39(e). (<u>Id.</u>) Alternatively, even if they are recoverable, given the complexity of the jurisdictional issue on which Defendants prevailed on appeal and Defendants' conduct in "unnecessarily dr[agging] out

3

this case for six years by asserting baseless defenses and engaging in otherwise dilatory litigation conduct," the Court should exercise its discretion and decline to award the supersedeas bond premium payments as costs. (Id. at 4.)

## II. DISCUSSION

Under Rule 39, in cases in which the district court's judgment is affirmed in part, reversed in part, modified, or vacated by an appellate court, costs may be assessed against a party "only as the court orders." Fed. R. App. P. 39(a)(4). This Court's judgment was vacated by the Eighth Circuit and Defendants timely filed their Bill of Costs within the fourteen day-period proscribed by Rule 39(d)(1). Under the rule, "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal" are among the costs taxable in the district court. Fed. R. App. P. 39(e)(4).

The leading Eighth Circuit authority on this issue is Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 807 (8th Cir. 2007). At trial, Reeder-Simco prevailed on its claims brought under two separate federal statutes, alleging unfair price discrimination. Id. Volvo appealed. Id. As is the case here, in order to stay any collection of judgment pending appeal, Volvo posted a supersedeas bond and paid premiums during the pendency of the appeal. Id. On appeal, the Eighth Circuit affirmed the judgment as to one of the claims, but reversed as to the other. Id. Volvo, however, did not file a bill of costs with the Eighth Circuit within fourteen days of that court's entry of judgment. Id. Instead, it asked the district court to tax as costs the portion of the supersedeas bond premiums attributable to its prevailing claim. Id. Finding that it had no authority to do so, the district court denied Volvo's motion. Id. On appeal, the Eighth Circuit observed that

under Rule 39, "the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs." Id. at 808. The court distinguished the facts before it from those in Emmenegger v. Bull Moose Tube Company, 324 F.3d 616 (8th Cir. 2003), in which the successful appellee had actually moved for the taxation of costs in the Eighth Circuit, unlike Volvo. Id. at 809.

In L-3 Communications v. OSI Systems, Inc., 607 F.3d 24, 27 (2d Cir. 2010), L-3 Communications ("L-3") filed a Rule 39(e) motion with the Second Circuit, seeking to recover the costs associated with its successful appeal. To secure judgment pending appeal, L-3 had obtained a letter of credit in the amount of $138,750,000.00. In its motion to the Second Circuit, L-3 requested "an award of the particular appellate costs that are 'taxable in the district court for the benefit of the party entitled to costs under [Rule 39(e)],'" after which it would move in the district court to recover approximately $1.75 million in costs from OSI Systems, Inc. ("OSI"). Id. The Second Circuit granted L-3's motion, stating only, "IT IS HEREBY ORDERED that [the] motion to tax the costs pursuant to FRAP 39(a)(4) is GRANTED." Id. L-3 then submitted a statement of costs to the district court, including fees for docketing and printing, totaling $2,724.08. Id. The district court granted the request to tax those costs to OSI. Id. Shortly thereafter, L-3 wrote a letter to the clerk of the district court, seeking the cost of the trial transcript and the costs incurred in securing judgment on appeal, including costs related to the letter of credit. Id. The clerk ordered OSI to pay nearly $2.1 million in taxable costs. Id.

Appealing the clerk's order to the district court, OSI argued that because the Second Circuit had not specifically ordered the taxation of costs in the district court, the district court

was not authorized to tax such costs. Id. The district court rejected this argument, noting that the prevailing party is entitled to taxable costs at the appellate level as well as costs taxed at the district court level, absent language to the contrary from the appellate court. Id. Because there was no contrary language, the court found that the costs were properly taxed against OSI. Id. The Second Circuit affirmed, finding, among other things, that Rule 39 did not require the appellate Court to specifically delineate the Rule 39(e) costs that may be sought from the district court. Id. 31.

Great Lakes relies on Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Association, 117 F.3d 1328, 1340 (11 Cir. 1997), in which the court held that if the appellate order is silent as to the class of costs, the district court is obliged to "interpret that silence as a rejection of those costs." See also Tomasko v. Ira H. Weinstock, P.C., No. 3:98-CV-1978, 2008 WL 2962909, at *10 (M.D. Pa. July 29, 2008) (citing Golden Door and finding that where the appellate court did not address costs, the silence was construed as a rejection). But other courts have criticized the approach in Golden Door, see, e.g., Hynix Semiconductor Inc. v. Rambus Inc., No. C-00-20905-RMW, 2012 WL 95417, at *3 n.3 (N.D. Cal. Jan. 11, 2012) (citing L-3 Commc'n, 607 F.3d at 29-30), noting that Golden Door was based largely on the specific language of the appellate court's mandate there which provided for "costs on appeal to be taxed by the Clerk of this court." Id. However, in Reeder-Simco, in the Eighth Circuit's discussion of Emmenegger, it noted that that decision was consistent with the Eleventh Circuit's holding in Golden Door, suggesting its approval of that authority.

The facts before this Court do not squarely align with the cases discussed above. Although Defendants did not expressly request that the Eighth Circuit address the taxation of costs for the premiums on the supersedeas bond, they identified the issue in their Bill of Costs to the Eighth Circuit by reserving their right under Rule 39(e) to seek such costs from this Court. (Appellants' Bill of Costs at 1-2.) The Eighth Circuit did not address Defendants' reservation of rights, but ruled that Defendants were entitled to recover their $500.00 appellate filing fee and were to request their $5.00 filing fee from this Court. (Order of 12/28/16.)

Like the successful appellant in Emmenegger, Defendants here also moved for the taxation of costs in the Eighth Circuit–unlike Volvo in Reeder-Simco–and "gave the Eighth Circuit an opportunity to enter the order required by Rule 39(a)(4)[.]" Reeder-Simco, 497 F.3d at 809 (discussing Emmennegger). Also, unlike Golden Door, where the appellate court mandated the award of "costs on appeal to be taxed by the Clerk of this [appellate] court," such that the appellate court's silence on the question of bond premiums precluded the district court from awarding them, 117 F.3d at 1340-41 (emphasis added), no such language appears here in the Eighth Circuit's December 28, 2016 order. While this is a close question, the Court finds that it has the authority to tax as costs the supersedeas bond premium payments, as the Eighth Circuit awarded the appellate filing fee costs, directed Defendants to seek their statutory filing fee costs with this Court, and Defendants' Bill of Costs gave notice of the reservation of rights to seek costs for the premium payments.

Great Lakes argues that even if the Court is so authorized, it should nevertheless exercise its discretion to not award the costs in question. Granted, as Plaintiff notes, district

7

courts have the discretion under Rule 39(e) to deny such costs. Republic Tobacco Co. v. N. Atlantic Trading Co., 481 F.3d 442, 449 (7th Cir. 2007). But because Defendants ultimately prevailed on their appeal, the Court, in its discretion, grants Defendants' request and awards them their premium payments on the supersedeas bonds as taxable costs.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Costs are taxed against Great Lakes and in favor of Defendants in the amount of $5.00 in filing fees and $1,229,719.00 in supersedeas bond premium payments, for a total of $1,229,724.00.

Dated: May 26, 2017                                s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge