# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Great Lakes Gas Transmission Limited Partnership,<br><br>       Plaintiff,<br><br>v.<br><br>Essar Steel Minnesota, LLC; Essar Steel Limited f/k/a Essar Steel Holdings, Ltd.; Essar Steel India Limited f/k/a Essar Steel Limited; and Essar Global Fund Ltd. f/k/a Essar Global Limited,<br><br>       Defendants. | Case No. 09-cv-3037 (SRN/LIB)<br><br><br>**ORDER** |

Brian A. Farlow, Hayley Ellison, Worthy W. Walker, Barbara L. Wohlrabe, and David W. Elrod, Elrod PLLC, 500 North Akard Street, Suite 3000, Dallas, TX 75201; Julian C. Zebot and Cooper S. Ashley, Maslon LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN 55402, for Plaintiff.

Douglas H. Flaum, Kevin P. Broughel, and Shahzeb Lari, Paul Hastings LLP, 75 East 55th Street, New York, NY 10022; Lousene M. Hoppe and Nicole M. Moen, Fredrikson & Byron, PA, 200 South 6th Street, Suite 4000, Minneapolis, MN 55402-1425; Thomas R. Thibodeau, David M. Johnson, and Ryan Stutzman, Thibodeau Johnson & Feriancek, PLLP, 302 W. Superior Street, 800 Lonsdale Building, Duluth, MN 55802, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

      Before the Court is a request from Plaintiff Great Lakes Gas Transmission Limited Partnership ("Great Lakes") for permission to file a motion for reconsideration. (Pl.'s Letter of 6/1/17 [Doc. No. 1053].) Great Lakes seeks reconsideration of this Court's May 26, 2017 Order ("the May 26 Order") [Doc. No. 1052] in which the Court granted the request of

1

Defendants Essar Steel Minnesota, LLC,[1] Essar Steel Limited f/k/a Essar Steel Holdings, Ltd., Essar Steel India Limited f/k/a Essar Steel Limited, and Essar Global Fund Ltd. f/k/a Essar Global for a Verified Bill of Costs on Appeal [Doc. No. 1037]. Defendants oppose Plaintiff's request [Doc. No. 1054].

I. BACKGROUND

A full account of the factual background is set forth in the May 26 Order. In short, following this Court's entry of judgment against Defendants in the amount of $32,902,183.00, (see Am. Order for Entry of Judgment at 4-5 [Doc. No. 977]; Am. Judgment [Doc. No. 979]), Defendants filed a Notice of Appeal to the Eighth Circuit Court of Appeals. (Notice of Appeal [Doc. No. 987].) To stay execution of judgment pending the appeal, the parties entered into a stipulation requiring Defendants to deposit with the Clerk of this Court a supersedeas bond in the sum of $37,837,510.45, representing 115% of the judgment. (See Stipulation [Doc. No. 1006]; Order of 10/5/15 [Doc. No. 1007]; Bond [Doc. No. 1010].) To obtain the supersedeas bond, Defendants paid a premium of $756,750.00 to their insurer, the Atlantic Specialty Insurance Company ("Atlantic"), and, in order to renew the bond from October 2016 through April 2017, they further paid Atlantic a premium of $474,969.00. (Invoices, Ex. 1 to ESML's Verified Bill of Costs on Appeal [Doc. No. 1037-1 at 2-3].)

Defendants' appeal to the Eighth Circuit was successful. Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC, 843 F.3d 325, 334 (8th Cir. 2016). The Eighth Circuit instructed this Court to vacate judgment and dismiss the matter for lack

---

[1] Essar Steel Minnesota, LLC has changed its name to Mesabi Metallics Company LLC.

of jurisdiction. Id. Defendants then filed a Bill of Costs with the Eighth Circuit, seeking an order requiring that Great Lakes reimburse them for a filing fee of $505.00, citing Rule 39 of the Federal Rules of Appellate Procedure and Rule 39A of the Eighth Circuit's Local Rules. (Appellants' Bill of Costs [Doc. No. 1040-1].) They further stated, "Appellants reserve the right to request taxation of the cost for preparation and transmission of the trial transcript and record, premiums paid for Appellants' supersedeas bond, and the filing fee for the notice of appeal, from the United States District Court, District of Minnesota, in accordance with Rule 39(e) of the Federal Rules of Appellate Procedure." (Id. at 1-2) (emphasis added).

On December 28, 2016, the Eighth Circuit issued a short order permitting Defendants to recover from Great Lakes the sum of $500.00 as taxable costs on appeal [Doc. No. 1040-2]. Pursuant to Federal Rule of Appellate Procedure 39(e)(4), the Eighth Circuit directed Defendants to recover the statutory filing fee of $5.00 with this Court. (Id.) The order contained no language regarding Defendants' reservation of rights for the taxation of costs on the premiums paid for the supersedeas bond.

Defendants then requested an award from this Court for the $5.00 filing fee for their Notice of Appeal and the $1,229,719.00 in supersedeas bond premiums that they incurred, for a total of $1,229,724.00, to be paid by Great Lakes. (ESML's Verified Bill of Costs at 1.) Great Lakes objected to payment of the supersedeas bond premiums, arguing that because Defendants did not seek an order regarding the taxation of supersedeas bond premium payments from the Eighth Circuit, nor did the Eighth Circuit address such costs, they were not recoverable under Rule 39(e). (Pl.'s Obj. at 1-2 [Doc. No. 1040].) Alternatively, even if they were recoverable, given the complexity of the jurisdictional issue

3

on which Defendants prevailed on appeal and Defendants' conduct in "unnecessarily dr[agging] out this case for six years by asserting baseless defenses and engaging in otherwise dilatory litigation conduct," the Plaintiffs asked the Court to decline to award the supersedeas bond premium payments as costs. (Id. at 4.)

In the May 26 Order, the Court considered the matter a "close question" under Rule 39, (Order of 5/26/17 at 7), but authorized the taxation of the supersedeas bond premium payments, "as the Eighth Circuit awarded the appellate filing fee costs, directed Defendants to seek their statutory filing fee costs with this Court, and Defendants' Bill of Costs gave notice of the reservation of rights to seek costs for the premium payments." (Id.) The Court also declined to adopt Plaintiff's alternative argument. (Id. at 7-8.) Rather, because Defendants ultimately prevailed on their appeal, the Court, in its discretion, granted Defendants' request for the supersedeas bond costs. (Id.)

## II. DISCUSSION

At this time, Great Lakes seeks permission to file a motion for reconsideration pursuant to Local Rule 7.1(j). Under that rule, a party seeking leave to move for reconsideration must present compelling circumstances in order to obtain the Court's permission. L.R. 7.1(j). While the Court understands Plaintiff's disagreement with the May 26 Order, Plaintiff has not identified any such compelling circumstances.

As discussed in the May 26 Order, Federal Rule of Appellate Procedure 39(e)(3) provides that "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal" are among the costs taxable in the district court. Because this Court's judgment was vacated by the Eighth Circuit, and Defendants timely filed their Bill of Costs,

they were eligible to seek premiums paid for the supersedeas bond premiums, as costs taxable in the district court. The question here is whether, procedurally, Defendants were entitled to such costs where: (1) in Defendants' Bill of Costs to the Eighth Circuit, they sought their $505 filing fees as costs and expressly reserved their right to seek the premiums on the supersedeas bond from the district court; and (2) the Eighth Circuit's Order on Defendants' Bill of Costs [Doc. No. 1033] did not address supersedeas bond premiums.

As this Court acknowledged in the May 26 Order, the facts here are distinguishable from the relevant authority in the Eighth Circuit, <u>Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.</u>, 497 F.3d 805, 807 (8th Cir. 2007), and <u>Emmenegger v. Bull Moose Tube Company</u>, 324 F.3d 616 (8th Cir. 2003). In <u>Reeder-Simco</u>, defendant Volvo, which prevailed on some of its defenses at trial, did not file a bill of costs with the Eighth Circuit, but instead asked the district court to tax as costs the portion of the supersedeas bond premiums attributable to the claim on which it prevailed. 497 F.3d at 807. Finding that it had no authority to do so, the district court denied Volvo's motion and the Eighth Circuit affirmed. <u>Id.</u> While Great Lakes cites language in <u>Reeder-Simco</u> that requires an appellate court to specify which party is entitled to costs, and if so, what costs, (Pl.'s Letter of 6/1/17 at 1), the court there was addressing the situation in which, on appeal, judgment was both affirmed in part and reversed in part. <u>Reeder-Simco</u>, 497 F.3d at 808. Because of the potential for both parties to seek costs in a mixed ruling, the court reasonably stated, "[N]one of the costs listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates." <u>Id.</u> The appeal here,

however, did not afford mixed relief–Defendants entirely prevailed. And, unlike Volvo in Reeder-Simco, Defendants here filed a Bill of Costs with the Eighth Circuit.

In Emmenegger, the appellee moved the appellate court for the taxation of supersedeas bond costs. 324 F.3d at 626. Great Lakes suggests that Emmenegger requires a level of specificity that is lacking here, asserting, "In Emmenegger, the court of appeals ordered: The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule . . . (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." (Pl.'s Letter of 6/1/17 at 1) (citing 324 F.3d at 626 n.12). But the language quoted by Plaintiff is not the Emmenegger court's ruling, rather it is the Emmenegger court's quotation of Rule 39(e)(3). See 324 F.3d at 626 n.12. The docket entry for the Eighth Circuit's ruling on the supersedeas bond motion states, "JUDGE ORDER: denying appellant motion to recover costs at the appellate level. This does not preclude appellants from requesting the District Court to tax as a cost the premiums for their supersedeas bond." (See Docket, Emmenegger v. Bull Moose Tube Co., No. 98-3191 (8th Cir. Jan. 31, 2000)). The Court does not characterize this language as "award[ing]" the movant the right to seek supersedeas bond premiums with the district court. (See Pl.'s Letter of 6/1/17 at 2.) Moreover, Emmenegger was a case in which, following two trials, and differing judgments, there was some question as to whether the party seeking supersedeas bond costs had "prevailed," and was therefore entitled to such costs. 324 F.3d at 626. That is not the situation here.

Again, the Court is unaware of any case that is precisely on point. That is why the May 26 Order distinguished the Eighth Circuit cases cited above, and also considered

persuasive authority from other jurisdictions, including the Second Circuit. Had Defendants lost their appeal to the Eighth Circuit, the supersedeas bond safeguarded the jury's judgment in favor of Great Lakes during the appeal period. However, Defendants fully prevailed on appeal, after having incurred the expense of supersedeas bond premiums. Ultimately, because Rule 39 contemplates an award of supersedeas bond premium costs to be made to the district court, and because Defendants informed Plaintiff and the Eighth Circuit of their intent to seek such costs, the Court determined that such costs should be awarded. Again, Great Lakes presents valid arguments in support of its position. However, because no compelling circumstances warrant reconsideration, for the reasons noted above, and as previously articulated in the May 26 Order, Plaintiff's request is respectfully denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's letter request for permission to file a motion for reconsideration [Doc. No. 1053] is **DENIED**.

Dated: July 17, 2017

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge